**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**MDL No. 381.**

United States District Court, E.D. New York.

Jan. 13, 1983.

Pretrial Order No. 42

GEORGE C. PRATT,* Circuit Judge.

On December 21, 1983, special master Sol Schreiber submitted a "Recommended Protective Order Governing Documents Obtained From the Environmental Protection Agency." *See* Appendix. No party has objected to the terms of the order, and the court approves and adopts it in full.

SO ORDERED.

## APPENDIX

SPECIAL MASTER's RECOMMENDED PROTECTIVE ORDER GOVERNING DOCUMENTS OBTAINED FROM THE ENVIRONMENTAL PROTECTION AGENCY

This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Based upon information furnished to the Court by the Environmental Protection Agency ("EPA", "Agency") and after hearing from counsel for all parties, the Court finds that:

1. Pursuant to several of its authorizing statutes and regulations, EPA requires that various kinds of information be submitted to it for various purposes associated with its regulatory responsibilities. In addition, other information is generated or collected by EPA. Some of this information which is currently contained in EPA's files is relevant to this proceeding and is responsive to the defendants' discovery requests for documents served on the United States Government.

* Of the United States Court of Appeals, Second    Circuit, sitting by designation.

2. The information described in Paragraph 1 was submitted to the agency by, or relates to, both parties and non-parties in this proceeding.

3. Much of this information, whether it relates to parties ("party information") or non-parties ("non-party information") is subject to claims of confidentiality under applicable federal statutes and regulations, and may be entitled to confidential treatment, including non-disclosure, limited disclosure or restricted disclosure.

4. The responsive documents which are subject to claims of confidentiality or privilege are intermingled and not easily separable from all other responsive documents not subject to such claims. Moreover, many individual responsive documents contain both confidential/privileged information and non-confidential/non-privileged information.

5. Due to the large total number of responsive documents in the Agency's files (estimated to be in excess of one million pages), EPA would need a great deal of time to separate confidential/privileged documents from all other documents, and to separate confidential/privileged information from non-confidential/non-privileged information within the body of certain individual documents.

6. Prior review by EPA of all responsive documents in order to segregate or delete confidential/privileged information would substantially delay the discovery process and make it unlikely that the scheduled June 27, 1983 trial date would be met. In addition, such segregation would be at considerable expense of Agency's resources.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

7. That EPA release to any party requesting such release, any responsive documents, or information contained therein, to be used exclusively for purposes associated with litigation of this case pursuant to Paragraphs 10 & 15, and for no other purpose.

8. That such release by EPA pursuant to this Protective Order shall not be considered public disclosure under the applicable statutes and regulations governing disclosure of the responsive documents.

9. By agreement among the party-defendants, in order to expedite the discovery process, all responsive documents submitted by or collected from party-defendants, including those subject to claims of confidentiality, shall be released by EPA pursuant to the terms of this Protective Order.

10. Before EPA makes available to the parties for use in this litigation any responsive documents containing non-party information, notice to non-parties will be given as follows: To the extent EPA is able to identify non-party data submitters, personal notice by mail will be provided. In addition EPA will give notice by publication in the Federal Register. Within 10 days of entry of this Order, EPA will submit to this Court and serve on all parties a proposed form of notice. Such notice shall state the facts giving rise to this Protective Order in addition to informing such non-parties that release of any responsive documents or information contained therein, which are subject to claims of confidentiality by non-parties, will commence 30 days after this notice has been mailed or published unless, within that time, an affected non-party requests an opportunity to be heard before this Court. In the event of such a request, EPA will continue the discovery by producing other non-party data to the extent it can be readily segregated from non-party data subject to the request for hearing. The documents of the requesting non-party will not be released to the parties in this case pending further order of this Court. Any objection from non-parties will be directed to the Special Master for his review and recommendation to this Court.

11. That pursuant to the exemption in section (b)(11) of the Privacy Act, 5 U.S.C. § 552a, providing for disclosure of information subject to that Act pursuant to an order of a court of competent jurisdiction, it is hereby ordered that responsive documents or information contained therein, which are subject to claims of privilege based on privacy considerations, are to be

released by EPA in response to appropriate discovery requests in this proceeding and subject to the terms of this Protective Order.

12. That nothing in this Order shall be construed to constitute a waiver of a right to claim confidential treatment for any document entitled to it under all applicable federal statutes and regulations in any circumstances other than those addressed in this Protective Order except as provided by the Protective Order.

13. That the provisions of Section 12(a)(2)(D) of the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), and all of the penalties attached thereto, regarding unlawful use of information acquired by authority of FIFRA which is confidential thereunder, apply to information released pursuant to this Order but used in a manner inconsistent with this Order.

14. That federal statutes mentioned in paragraphs 3 and 12 of this Order shall include, but are not limited to, sections 10(b), 10(f) and 10(g) of FIFRA, the Trade Secrets Act, 18 U.S.C. § 1905, (Supp. IV, 1980) and the Privacy Act, 5 U.S.C. § 552a (1976).

15. That the term "used exclusively for purposes associated with litigation of this case" as used in Paragraph 7 of this Order is defined as follows:

a. Responsive documents, and information contained therein, will be used exclusively for the purpose of discovery and trial preparation in the subject litigation as contemplated by the Federal Rules of Civil Procedure, and will be kept confidential and will not be exhibited, described to, or discussed with anyone not a Designated Person (as defined in paragraph c, *infra* or a Qualified Person (as defined in paragraph d, *infra* ), or counsel for the United States. No use will be made of these documents or information contained therein, for any purpose other than such discovery and trial preparation in this litigation.

b. Responsive documents may be copied only to the extent necessary to permit their use in accordance with the terms of this Order and no further. Any Designated Person who requests and receives a copy of any responsive document will be held responsible and accountable for that copy of the document and all copies made of that copy for any purpose. .

c. A Designated Person is one who, in advance of seeing any of these documents, (i) is designated by counsel of record for any party to this litigation, and (ii) signs a formal consent (Exhibit A) to be bound by all the terms of this Order. Each counsel of record will be responsible for forwarding copies of the designation and signed consent forms to this Court, where they will be filed under seal.

(i) Plaintiffs' Designees may include a reasonable number of: each plaintiff's counsel of record, their paralegals and/or their professional consultants or expert witnesses, and no others.

(ii) Defendants' Designees may include a reasonable number of: each defendant's counsel of record, their paralegals, their professional consultants or expert witnesses, and no others.

(iii) The professional consultants or expert witnesses referred to in sub-paragraphs (i) and (ii) *supra,* may not be employees, corporate representatives or corporate consultants of chemical companies; however, they may include independent consultants or expert witnesses paid by the companies.

d. A Qualified Person is a witness to a deposition noticed by any party to this litigation, provided that:

(i) all persons in attendance at the deposition, except for the Court Reporter, and counsel for the United States, are Designated or Qualified Persons;

(ii) the witness is advised in writing or on the record of the deposition of this Order and the witness agrees in writing or on the record to be bound by all its terms;

(iii) copies of documents covered by this Protective Order, though identified and numbered as exhibits to the deposition, will not be made a physical attachment to the transcript of the deposition to be filed with the Court (unless filed under seal);

(iv) any reference at the deposition to documents of non-parties will cause that

portion of the deposition testimony to be sealed.

e. No copy of these documents will be made a part of the Court record of this multi-district litigation for any purpose whatsoever except under seal.

f. Upon the termination (by District Court order or verdict or settlement) of all the actions consolidated in this multi-district litigation, all designees of all parties will provide to the counsel of record for the United States either (i) all copies of these documents retained by them, or (ii) a statement to the effect that all such copies have been destroyed.

g. At any point in time prior to the termination of these actions that any party's counsel no longer needs these documents for the purposes outlined herein, that party's designees will provide the counsel of record for the United States either (i) all copies of these documents retained by them, or (ii) a statement to the effect that all such copies have been destroyed.

h. No modification of this Order will be made, nor any additional use of the documents authorized, except by order of the District Court for the Eastern District of New York upon written application to the Court and after an opportunity for all parties and the United States Government to be heard.

i. This Order shall be binding upon all persons, including parties, Designated Persons and Qualified Persons. It is enforceable by the contempt powers of the United States District Court and any other applicable or appropriate sanction imposed in the discretion of a District Judge of competent jurisdiction.

j. If any Designated or Qualified Person becomes the subject of any court's subpoena for the production of any of these documents, or information contained therein, that person will promptly notify the Government and all parties to this litigation of the pending subpoena, and notify the issuing court of this Protective Order.

k. If at any time any party wishes a waiver relative to a certain document or documents from the restrictions imposed by the conditions in this Paragraph, the party may request such a waiver from this Court in writing, with notice to all other parties and the Government, specifically identifying the document or documents in question and the purpose for which the waiver is requested.

16. That documents, information or testimony submitted to EPA in connection with the 1974 proceeding involving the Dow Chemical Company ("Dow") and Hercules Incorporated and the 1979 proceeding involving Dow but filed under seal, as well as materials submitted to or developed by EPA in connection with settlement discussions (including documents reflecting the substance of those discussions) arising from the 1979 2,4,5–T/silvex cancellation proceeding shall not be produced in response to discovery requests in this litigation.

17. By agreement of EPA and the Monsanto Company, nothing in this Order shall be construed to supersede or affect in any way the status of the litigation between Monsanto and EPA in *Monsanto Company v. Gorsuch,* No. 79–0366–C, presently pending in the U.S. District Court for the Eastern District of Missouri. In particular, nothing in this Order is in conflict with or is intended to supersede or affect paragraph 8 of the April 7, 1981 order entered by the Court in that case. Monsanto Company is bound by this Protective Order to the same extent as the other party-defendants.

Dated: December 21, 1982

/s/ Sol Schreiber
SOL SCHREIBER
Special Master

EXHIBIT "A"

AGREEMENT CONCERNING ENVIRONMENTAL PROTECTION AGENCY DOCUMENTS SUBJECT TO PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK ON ————, 1982

The undersigned hereby acknowledges that he has read the Protective Order, dat-

ed _____, 1982, and entered in the United States District Court for the Eastern District of New York _____, 1982, in the action entitled *In Re Agent Orange Product Liability Litigation,* MDL No. 381 (All Cases), understands the terms thereof and agrees to be bound by such terms as if he were signatory thereto.

_____
(Date)

_____
Signature

_____
_____
Business Address

_____
Designating Counsel